IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT BRAMBLE,

    Plaintiff,

v.

NORTHROP GRUMMAN
INNOVATION SYSTEMS, INC.,

    Defendant.

Case No. 2:24-cv-02349-HLT-ADM

**MEMORANDUM AND ORDER**

    This is an employment retaliation action that may belong in arbitration. Defendant has an arbitration policy that mutually obligates the company and employees to arbitrate retaliation claims (among other claims). Defendant moves to compel arbitration. Doc. 9. Defendant contends that it informed Plaintiff where and how to access Defendant's policies and procedures during his 2017 new-hire onboarding and that Defendant continuously made this information available to Plaintiff throughout his employment. Plaintiff claims ignorance of the policy.

    The Court can't determine on the record before it whether the parties have agreed to arbitrate. Defendant presents evidence of what may have happened during Plaintiff's orientation and evidence of a cluttered bulletin board with a sheet showing how to access Defendant's internal website that houses its principles and operating practices. Plaintiff affirmatively states that no one ever informed him that a policy compelling arbitration existed, directed him to get on the internal website and read the policy manuals, informed him that he was obligated to do so, or informed him that he was responsible for reading and understanding the material available on the internal website. The record is inconclusive, so the Court will conduct a summary trial on whether the parties agreed to arbitrate Plaintiff's claims if Defendant continues to press arbitration.

**I.      BACKGROUND**

Defendant's current Human Resources Manual includes an arbitration and mediation policy with an effective date of December 5, 2023. The manual is available on an internal website. Defendant offers training on how and where to access the internal website that houses the manual when it onboards new hires. The arbitration and mediation portion of the manual contains the following relevant provisions:

> By accepting or continuing employment, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.
>
> . . . .
>
> Both you and the company agree to submit all claims covered by [the arbitration agreement] to binding arbitration, rather than to have such claims heard by a court or jury. The parties' obligation to arbitrate claims under [the arbitration agreement] may be enforced in any court of competent jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.
>
> . . . .
>
> Examples of claims which are covered by [the arbitration agreement] include, but are not limited to, claims for: . . . [u]nlawful discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law; unlawful retaliation; . . . and [a]ny violation of applicable federal . . . law . . . .

Doc. 9-2.

Plaintiff filed this lawsuit in August 2024 and asserts claims for unlawful retaliation. Doc. 1. Defendant moves to compel arbitration. Doc. 9. Defendant submits a declaration authored by James M. Rider, who is a Human Resources Business Partner at Defendant, as part of its briefing. Rider makes the following relevant statements:

- It was Defendant's policy and practice in 2017 to provide online access to its manual to all newly hired employees during new-hire onboarding and to provide newly hired employees with a hard copy list of links to various policies within the manual and to demonstrate to newly hired employees how to access the manual online.

- Defendant used an internal intranet site called Command Media in 2017 to maintain its policies and procedures and other documents, including the manual.

- Defendant provides an example of a slide used during onboarding in 2017 to educate new hires about Command Media:



- Defendant replaced Command Media sometime after 2017 with Principles and Operating Policies ("PrOP"). PrOP maintains Defendant's policies and procedures, including the manual with the arbitration agreement.

- Defendant has placed a copy of the following PrOP notice and instructions for access on a bulletin board in the main entrance of the building where Plaintiff works:

3



Plaintiff claims ignorance of the policy and submits his own declaration. He makes the following relevant statements:

- He reviewed his "in-processing paperwork" from his orientation/onboarding and located eight documents. None of the documents contain language "referring to an arbitration agreement or any company policy related to arbitration." Doc. 10-1 at 1.

- The in-processing paperwork Plaintiff has does not include "instruction directing me to access the Principals and Operating Policies ("PrOP") and/or informing me that I am responsible for reading and understanding the content of said PrOP." *Id.* at 2.

- No one from Defendant has "ever informed [Plaintiff] that such a policy compelling arbitration existed, directed me to get on the PrOP website and read the policy manuals, informed [Plaintiff] that [he is] or ever was obligated to do so, or that [he] was responsible for reading and understanding the material available online on the PrOP website." *Id.*

## II.     ANALYSIS

Arbitration agreements are favored under federal law. But, despite their favored status, arbitration remains a matter of contract, and parties can't be compelled to arbitrate unless they have contractually agreed to be bound by arbitration. A court therefore analyzes two issues before compelling arbitration: (1) whether an agreement to arbitrate exists, and (2) whether the allegations in the complaint are within the scope of the agreement. *See Cavlovic v. J.C. Penney Corp.*, 884 F.3d 1051, 1057 (10th Cir. 2018). Defendant is the party seeking to compel arbitration and thus bears the initial burden to show a valid and enforceable agreement. *See Phox v. Atriums Mgmt. Co.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002).

The parties dispute whether an agreement to arbitrate exists. Arbitration agreements in the employment context may be formed when an employer provides "adequate notice of the offer to plaintiff and a meaningful opportunity to reject that offer." *Bolden v. AT & T Servs., Inc.*, 350 F. Supp. 3d 1029, 1034 (D. Kan. 2018). Defendant does not carry its initial burden to show a valid and enforceable agreement to arbitrate. Defendant only offers evidence that its policy and practice in 2017 was to provide online access to its manual to all newly hired employees during new-hire onboarding, to provide newly hired employees with a hard copy list of links to various policies within the manual, and to demonstrate to newly hired employees how to access the manual online. This is not enough, particularly given Plaintiff's declaration.

Defendant cites many cases to support its position. But the cited cases are inapposite and easily distinguishable. Defendant does not state whether it informed Plaintiff during onboarding that the manual included an arbitration agreement and that continued employment constituted acceptance of it. Defendant does not identify where the 2017 arbitration agreement was in the manual or state whether the arbitration agreement was specifically identified in the hard copy list

5

of links.[1] Defendant does not even offer a copy of the 2017 arbitration agreement (so its contents are entirely unknown as is whether the 2017 agreement covers retaliation claims). Moving forward, Defendant does not offer evidence that after onboarding it released reminders about the arbitration agreement or distributed materials either in hardcopy or electronic form about it.[2] Finally, Defendant seeks to enforce an arbitration agreement with a December 5, 2023 effective date. But Defendant offers no evidence about the relationship of this arbitration agreement to the 2017 agreement (e.g., similarities or differences) nor does Defendant offer any evidence showing that Plaintiff was at least informed (e.g., email, letter, or in person) of the 2023 arbitration agreement and told that continued employment constituted acceptance of its terms.

There is no specific form of notice or acceptance required for an arbitration agreement to be effective. And the following cases illustrate that notice and acceptance can come in a variety of forms. But Defendant does not carry its initial burden on this record given the gaps in the evidence and Plaintiff's affirmative statements in his declaration. *See, e.g.*, *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 732 (7th Cir. 2002) (employer provided evidence that the employee received the arbitration brochure with paycheck); *Williams v. Allstate Claims Off.*, 2022 WL 138409, at *3 (D. Kan. 2022) (employee electronically signed arbitration agreement); *Fiola v. VALIC Fin. Advisors, Inc.*, 2020 WL 1700334, at *1-4 (D. Kan. 2020) (employer presented evidence that employee received multiple emails about the employee dispute resolution program); *Brookins v. Superior Mgmt. Grp., Inc.*, 2013 WL 5819706, at *1 (D. Kan. 2013) (employee signed arbitration policy); *Bolden*, 350 F. Supp. 3d at 1036 (employee received emails about the arbitration agreement, even

---

[1] The 2017 orientation slide instructs employees to "Bookmark these websites!" and "Refer to online policies and procedures often." Doc. 13-1. But the slide includes no reference to an arbitration agreement.

[2] Defendant points to a "notice" about PrOP on the bulletin board. The notice (which appears to be part of an 8.5x11 piece of paper) seems to be at the bottom of an employee bulletin board. The bulletin board has many other papers attached. The notice gives information on how to access the policy website, but the Court can't identify any information about the existence of an arbitration agreement.

if she did not open or read them); *Rangel v. Hallmark Cards, Inc.*, 2010 WL 781722, at *5-6 (D. Kan. 2010) (employee did not dispute whether he received notice of the terms of the dispute resolution program); *Kenney v. Hallmark Cards, Inc.*, 2009 WL 102682, at *3 (D. Kan. 2009) (employer provided evidence that the employee received information about the dispute resolution program).

### III.    CONCLUSION

The record in this case is inconclusive because a factual dispute exists. The Court therefore denies the motion without prejudice. Defendant can consider whether it wants to continue to press arbitration. It shall notify the Court on or before May 1, 2025 whether it is continuing to press arbitration. If so, the Court will order the parties to meet and confer about whether discovery is necessary on the arbitration-agreement question and the schedule for a trial on this limited issue. The Court refers the parties to *Cannon v. SFM, LLC*, 2019 WL 568581 (D. Kan. 2019), as an example of how Judge Lungstrum addressed a potential summary trial. The Court will also schedule a status conference with the parties to set an appropriate schedule.

THE COURT THEREFORE ORDERS that Defendant's motion to compel arbitration (Doc. 9) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 16, 2025                             /s/ *Holly L. Teeter*
                                                                 HOLLY L. TEETER
                                                                 UNITED STATES DISTRICT JUDGE